# THE SUN MUTUAL INSURANCE CO. a. DAVIS.

*New York Superior Court; General Term, June,* 1865.

## INSURANCE.—DEMURRER TO COMPLAINT.

Where an open policy of marine insurance is issued for the benefit of a person designated, or whom it may concern, and merchandise to which the terms of the policy are applicable, belonging to such person and defendant jointly, is entered upon the policy pursuant to an agreement between them to insure at their joint expense, the defendant is liable to the insurers for the premium.

Demurrer to complaint.

This action was brought to recover premiums of insurance on a policy issued by the plaintiffs. The contents of the pleadings are stated in the opinion. The demurrer was sustained at special term, and the plaintiffs appealed.

*J. H. Choate,* for the appellants.

*Mr. Anthon,* for the defendants.

By THE COURT.—McCUNN, J.—In discussing the merits of this demurrer, we are not warranted in looking at the facts in any other light than as the complaint presents them, because the interposition of a demurrer admits the truth of all the allegations contained in the complaint, and the only question to be determined is, whether a judgment entered upon these facts would be good and valid in law?

The complaint alleges that the two firms, William Grove & Co., of New York, and Davis & Toscano, of Cuba, entered into a partnership to buy and ship sugars from Cuba to New York; that it was agreed between all the partners that Grove & Co., the members of the firm in New York, were to insure the goods so shipped at the joint and equal expense of both firms, out of the proceeds of the shipments; that on being advised of the shipments, William Grove & Co. applied to plaintiffs to insure the goods for the joint and equal account and interest of all the defendants; and that, in consideration of the premiums agreed to be paid by the new copartnership, the plaintiffs did—in an open policy, for whom it may concern, and upon which, by its terms, shipments of the said description were applicable, and which policy had been effected by and in the name of William Grove & Co. some time previous—allow the risks to be entered; that the defendants paid, on account of the said premiums, $444.24; and that there remains a balance due and owing, for which they ask judgment.

This is a brief outline of the facts set up in the complaint, and I am clearly of opinion they would warrant the entry of a judgment thereon.

The policy declared on is an open policy, and is in the or-

dinary form, and contains the usual clause—for whom it may concern; and it had been effected by William Grove & Co., before the partnership between them and Davis & Toscano was formed. Yet the company had a right to select their risks thereunder; and as they thought proper to assume these risks in consideration of the premiums agreed to be paid by the defendants, they are clearly entitled to recover. It is true, the policy was effected in the name of William Grove & Co., but no presumption of law arising on the face of the policy can presume away an express promise made afterwards by other parties for a full consideration. Moreover, one-half of the sugars entered under the risks were the goods of Davis & Toscano, and under this form of policy they had a right to enter these shipments as risks; and consequently they had an interest in, and were entitled to, the benefits of the policy, and by virtue of mutuality of contract they became liable to the insurers. (3 *Kent's Com.*, 9 ed., 344; 2 *Cai.*, 203.)

And for all that appears in the complaint, the policy may have been effected by William Grove & Co., in their own name, to cover these very risks; at any rate, the complaint alleges that all the parties agreed to pay, or be responsible, for the premiums at the time the risks were entered, and it was for this consideration the risks were assumed by the company.

It may be remarked, here, that the facts set out in the points offered to sustain this demurrer, can be conveniently set up in the form of an answer.

The order must be reversed, with costs. The defendants to be permitted to withdraw their demurrer, and answer within twenty days, upon payment of costs.

ROBERTSON, Ch. J., and GARVIN, J., concurred.